## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

| | |
|---|---|
| JUAN CARLOS FERNANDEZ, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>)<br>)<br>JASON STREEVAL, in his official capacity as )<br>Warden, Stewart Detention Center; )<br>SEAN GALLAGHER, in his official capacity as )<br>Field Office Director, ICE ERO Atlanta Field Office)<br>DAVID VENTURELLA, Acting Director, )<br>U.S. Immigration and Customs Enforcement; )<br>MARKWAYNE MULLIN, Secretary, )<br>U.S. Department of Homeland Security; )<br>TODD BLANCHE, Attorney General )<br>of the United States, in their official capacities, )<br>Respondents. )<br>) | Case No. _____<br><br>**PETITION FOR WRIT OF<br>HABEAS CORPUS** |

## PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241 WITH EMERGENCY REQUEST FOR EXPEDITED REVIEW

### PRELIMINARY STATEMENT

Petitioner Juan Carlos Fernandez, a 61-year-old citizen of Venezuela detained at the Stewart Detention Center, Lumpkin, Georgia, respectfully petitions this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. He is detained in violation of federal law and binding Eleventh Circuit precedent.

On May 6, 2026, the United States Court of Appeals for the Eleventh Circuit held, in a published and precedential opinion, that § 1225(b)(2)(A) of the Immigration and Nationality Act does not apply to unadmitted aliens arrested in the interior of the United States — that such aliens are governed by § 1226(a), which entitles them to individualized bond hearings before an Immigration Judge. *Hernandez Alvarez v. Warden, Federal Detention Center Miami*, Nos. 25-14065/14075 (11th Cir. May 6, 2026) (FOR PUBLICATION). Petitioner, a Venezuelan national who has lived in the Georgia community for five years without a criminal record, who holds a pending asylum application, and whose factual profile is identical to the petitioners who were released on bond in *Hernandez Alvarez* is entitled to a bond hearing as a matter of controlling circuit law.

On June 11, 2026, Immigration Judge Bianca Brown of the Stewart Immigration Court denied Petitioner's request for a bond hearing, citing *Matter of Q. Li*, 29 I&N Dec. 66 (BIA 2025), and *Matter of M-S-*, 27 I&N Dec. 509 (A.G. 2019). In the same order, IJ Brown acknowledged that *Hernandez Alvarez* held "that section 1226 of the INA applies to unadmitted aliens arrested within the interior of the United States and, therefore, such aliens are eligible for bond hearings" and that "the Court has jurisdiction to redetermine bond in this case." *Order of the Immigration Judge, June 11, 2026 ("IJ Order"), at 1*. Despite these findings, IJ Brown denied the bond hearing, producing an order that is internally contradictory and legally unsustainable.

The IJ's own order resolves the legal question. *Hernandez Alvarez* is binding in this Circuit. Petitioner is being detained in violation of 8 U.S.C. § 1226(a) and controlling Eleventh Circuit authority. This Court should issue the writ and order an immediate bond hearing.

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to 28 U.S.C. §§ 2241 and 2243, and Article I, § 9, cl. 2 of the United States Constitution. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *INS v. St. Cyr*, 533 U.S. 289, 314 (2001).

2. Venue is proper in this District because Petitioner is detained at the Stewart Detention Center, 146 CCA Road, Lumpkin, Georgia 31815, which is located within the Middle District of Georgia, Macon Division. 28 U.S.C. § 2241(d).

3. Petitioner has exhausted available administrative remedies. He pursued a bond hearing before the Immigration Judge, who denied the request on June 11, 2026. Because the IJ denied jurisdiction on legal grounds that are contrary to binding Eleventh Circuit authority, further administrative proceedings would be futile. *See McCarthy v. Madigan*, 503 U.S. 140, 148 (1992). Petitioner has also reserved his right to appeal to the Board of Immigration Appeals, with appeal due July 13, 2026.

## PARTIES

4. Petitioner Juan Carlos Fernandez is a citizen and national of Venezuela, born October 18, 1964, in Maracaibo, Venezuela. He is currently detained at the Stewart Detention Center, 146 CCA Road, P.O. Box 248, Lumpkin, Georgia 31815. His DHS Alien Registration Number is A 216 989 146.

5. Respondent Jason Streeval is the Warden of the Stewart Detention Center and the immediate custodian of Petitioner. He is sued in his official capacity.

6. Respondent Sean Gallagher is the Field Office Director of ICE Enforcement and Removal Operations, Atlanta Field Office, which has operational custody over Petitioner. He is sued in his official capacity.

7. Respondent Acting Director of Immigration and Customs Enforcement is responsible for the detention policies applied to Petitioner. Sued in official capacity.

8. Respondent Secretary of the Department of Homeland Security has ultimate authority over DHS detention policy. Sued in official capacity.

9. Respondent Attorney General of the United States has supervisory authority over EOIR and immigration proceedings. Sued in official capacity.

## STATEMENT OF FACTS

### A. Entry, Processing, and Release Under INA § 236 (2021)

10. On June 20, 2021, Petitioner entered the United States near San Luis, Arizona, and was apprehended by Border Patrol approximately 15 miles east of the port of entry. He immediately expressed a fear of persecution if returned to Venezuela and was processed through credible fear procedures.

11. On July 12, 2021, DHS executed a Notice of Custody Determination (Form I-286) invoking **section 236 of the Immigration and Nationality Act** as the operative authority and ordering Petitioner released. The I-286, signed by Deportation Officer Erika Castillo at ERO Florence Detention Facility, states: "Pursuant to the authority contained in section 236 of the Immigration and Nationality Act … I have determined that … you will be: Released." DHS did not invoke § 212(d)(5)(A) parole authority.

12. DHS simultaneously issued an Order of Release on Recognizance (Form I-220A), releasing Petitioner under the Alternatives to Detention program with electronic monitoring. Petitioner reported to ICE as directed on July 28, 2021, and maintained compliance with all supervision conditions throughout his period in the community.

### B. INA § 240 Notice to Appear and EOIR Proceedings (2021–2026)

13. On October 4, 2021, DHS issued a Notice to Appear captioned "In removal proceedings under section 240 of the Immigration and Nationality Act." The NTA did not check the "arriving alien" box. DHS instead charged Petitioner under INA § 212(a)(6)(A)(i) — the EWI interior alien charge — consistent with the § 236 release and the § 240 framework.

14. Petitioner's case proceeded before the Atlanta Immigration Court under INA § 240 for approximately five years. USCIS approved Petitioner's Application for Temporary Protected Status on August 2, 2024. Petitioner paid the initial filing fee for a Form I-589 Application for Asylum on September 28, 2025. That application remains pending before the Immigration Court.

15. On September 11, 2024, Immigration Judge Jennifer Bell of the Atlanta Immigration Court entered an in absentia removal order under INA § 240(b)(5). Petitioner appeared at the court the following day. On September 27, 2024, IJ Bell granted Petitioner's motion to reopen, finding as the operative basis: "Respondent came to court one day after Respondent's court date." The case returned to active § 240 proceedings. No final order of removal exists.

### C. Re-Detention and Bond Hearing Denial (April–June 2026)

16. On April 18, 2026, Petitioner was re-detained by DHS. DHS's own EARM enforcement database records this as a new, independent Encounter #2, separate from the 2021 apprehension recorded as Encounter #1. The EARM record reflects: Final Order of

Removal: No; Special Class: No Special Class; No aggravated felony convictions; No mandatory detention flag.

17. On June 11, 2026, Petitioner appeared before Immigration Judge Bianca Brown of the Stewart Immigration Court for a bond hearing. IJ Brown denied the request in a written order citing *Matter of Q. Li* and *Matter of M-S-*. In the same order, under the "Other" checkbox, IJ Brown acknowledged *Hernandez Alvarez* and found: "The 11th Circuit held that section 1226 of the INA applies to unadmitted aliens arrested within the interior of the United States and, therefore, such aliens are eligible for bond hearings. Thus, pursuant to the above, the Court has jurisdiction to redetermine bond in this case." IJ Order at 1. Despite this finding, IJ Brown denied the bond hearing. DHS waived its appeal. Petitioner reserved his right to appeal, due July 13, 2026.

18. Petitioner has now been detained for approximately 57 days. He has no criminal history. He is 61 years old. He has a pending asylum application supported by forensic medical evidence and documentary proof of personal persecution by the Venezuelan government. His community sponsor in Grayson, Georgia stands ready to accept responsibility for his compliance.

## LEGAL STANDARD

19. A writ of habeas corpus under 28 U.S.C. § 2241 "may be granted" when a person "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Detention in violation of a federal statute constitutes unlawful custody for habeas purposes. *Zadvydas*, 533 U.S. at 687.

20. Immigration detention is subject to habeas review in this Court. *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004). The proper respondent is the immediate custodian Warden Streeval. *Id.*

21. An Immigration Judge in this Circuit must follow binding Eleventh Circuit precedent over contrary BIA authority. When BIA precedent conflicts with the law of the circuit in which the immigration court sits, the IJ must apply the circuit court's holding. *See Lopez v. INS*, 184 F.3d 1097, 1100 (9th Cir. 1999); *Garcia-Quintero v. Gonzales*, 455 F.3d 1006, 1012 (9th Cir. 2006). The Eleventh Circuit has established that its precedent controls EOIR adjudicators in cases arising within the circuit.

## ARGUMENT

### I. Petitioner Is Detained in Violation of 8 U.S.C. § 1226(a) and Binding Eleventh Circuit Authority

The Eleventh Circuit's holding in *Hernandez Alvarez* is controlling and dispositive. The court held that § 1225(b)(2)(A)'s no-bond detention applies to aliens **"seeking admission"** — meaning those actively pursuing lawful entry after inspection by an immigration officer — not to aliens who are simply present in the interior of the United States. The majority, authored by Circuit Judge Marcus, stated:

> *"Section 1225(b)(2)(A) limits no-bond detention to applicants for admission who are "seeking admission," and on the facts of this case, neither Petitioner was seeking lawful entry into the United States after inspection by an immigration officer when he was arrested, nor was either Petitioner taking any cognizable step to obtain the rights and privileges of lawful entry. In fact, neither Petitioner was pursuing any object, let alone "lawful entry," when he was detained following a traffic stop."*

*Hernandez Alvarez*, slip op. at 4–5.

The court further held: "The text and statutory structure of the INA, bolstered by the long history of detention across our immigration laws and the congressional purpose in passing IIRIRA, yield the conclusion that no-bond detention generally applies to arriving aliens seeking lawful entry to the country, and not to aliens who are simply present here." *Id.* at 5. The court affirmed habeas relief and the petitioners were released on bond.

Petitioner Fernandez's factual profile is identical to the *Hernandez Alvarez* petitioners. They were unadmitted EWI aliens who had resided in the interior of the United States for years, had no criminal history, were charged under § 1182(a)(6)(A)(i), were denied bond hearings under *Matter of Yajure Hurtado*, and filed habeas petitions. The Eleventh Circuit ordered their release. Petitioner is entitled to the same relief.

## II.  The IJ's Own Order Acknowledges That Hernandez Alvarez Establishes Jurisdiction

IJ Brown's June 11, 2026 Order is internally contradictory. The IJ simultaneously: (1) denied the bond hearing for lack of jurisdiction under *Q. Li* and *M-S-*; and (2) found, in the same order, that *Hernandez Alvarez* established that "the Court has jurisdiction to redetermine bond in this case." IJ Order at 1.

IJ Brown's jurisdictional finding under *Hernandez Alvarez* is legally accurate and reflects binding Eleventh Circuit authority. Her denial of the bond hearing despite that finding was error. The IJ appears to have attempted to follow EOIR nationwide guidance requiring deference to BIA precedent, but that guidance cannot override binding circuit court authority. *See Marbury v. Madison*, 5 U.S. 137, 177 (1803) (court must follow controlling law). This Court need not disturb any factual finding it need only enforce the legal holding that the IJ herself acknowledged was controlling.

## III.  Matter of Q. Li and Matter of M-S- Do Not Govern This Case

The IJ's reliance on *Q. Li* and *M-S-* was error for the following independent reasons:

**Matter of M-S-** addresses aliens in continuous detention from the moment of apprehension — aliens whose I-286 ordered detention and who were never released from § 235 custody. 27 I&N Dec. at 514. Petitioner was released under § 236 authority within 22 days of apprehension. The *M-S-* continuous detention framework has no application to a case where the custody chain was broken by DHS's own § 236 release.

**Matter of Q. Li** holds that when an alien is released on **§ 212(d)(5)(A) parole** and that parole is terminated, the alien returns to § 235(b) custody. 29 I&N Dec. at 69–70. This rule depends entirely on the existence and termination of § 212(d)(5)(A) parole. Petitioner was never released on §

212(d)(5)(A) parole. He was released under § 236, as DHS's own I-286 expressly states. The parole-termination mechanism in 8 C.F.R. § 212.5(e)(2)(i) upon which *Q. Li*'s return-to-custody rule depends was never triggered. *Q. Li* does not apply.

Moreover, *Hernandez Alvarez* is binding Eleventh Circuit authority that supersedes both BIA precedents in cases arising within this Circuit. The BIA acknowledged the circuit conflict in *Matter of N-A-G-C-*, 29 I&N Dec. 662, fn. 1 (BIA June 2, 2026), citing *Hernandez Alvarez* on the favorable side of the split. In the Eleventh Circuit, *Hernandez Alvarez* controls.

## IV. Petitioner's Continued Detention Without a Bond Hearing Violates 8 U.S.C. § 1226(a)

Section 1226(a) provides that an alien may be arrested and detained pending a decision on removal and "may release the alien" on bond or conditional parole. 8 U.S.C. § 1226(a). Implementing regulations entitle § 1226(a) detainees to individualized bond hearings before an Immigration Judge. 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1), 1003.19. Petitioner has been denied that hearing. His continued detention without a bond hearing violates § 1226(a) and the implementing regulations. This Court has authority to issue the writ and order the bond hearing. *See Hernandez Alvarez*, slip op. at 5 (affirming habeas relief and bond hearing); *Zadvydas*, 533 U.S. at 699–700.

## RELIEF REQUESTED

WHEREFORE, Petitioner Juan Carlos Fernandez respectfully requests that this Court:

1. Issue a Writ of Habeas Corpus ordering Respondents to provide Petitioner with an individualized bond hearing before an Immigration Judge within seven (7) days of this Court's order, conducted pursuant to 8 U.S.C. § 1226(a) and *Matter of Adeniji*, 22 I&N Dec. 1102 (BIA 1999);
2. In the alternative, issue a Writ of Habeas Corpus ordering Respondents to release Petitioner from custody pending the bond hearing;
3. Grant expedited review of this Petition given the urgency of continued unlawful detention and the pendency of the BIA appeal deadline of July 13, 2026;
4. Issue a Temporary Restraining Order as set forth in Petitioner's accompanying motion, restraining Respondents from removing Petitioner from the United States or transferring him outside this District pending resolution of this Petition; and
5. Grant such other and further relief as the Court deems just and proper, including an award of reasonable attorneys' fees and costs pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412.

Respectfully submitted, this 15th day of June, 2026.

**Michael Wallace, Esquire**
Attorney for Petitioner
GA Bar No. 734183 | EOIR ID No. HN069065
2870 Peachtree Street, NW
Suite 915-17115
Atlanta, Georgia 30305
(404) 424-9887 | attywallace@hotmail.com

## VERIFICATION

I, Michael Wallace, Esquire, counsel for Petitioner Juan Carlos Fernandez, submit this verification on his behalf pursuant to 28 U.S.C. § 2242. I hereby verify that the factual statements made in the foregoing Petition for Writ of Habeas Corpus are true and correct to the best of my knowledge, information, and belief, based upon my review of the administrative record, court filings, and communications with Petitioner.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated this **15** day of June, 2026.

Respectfully submitted, this 15th day of June, 2026.

**Michael Wallace, Esquire**
Attorney for Petitioner
GA Bar No. 734183 | EOIR ID No. HN069065
2870 Peachtree Street, NW
Suite 915-17115
Atlanta, Georgia 30305
(404) 424-9887 | attywallace@hotmail.com

## CERTIFICATE OF SERVICE

I, Michael Wallace, Esquire, counsel for Petitioner Juan Carlos Fernandez, hereby certify that on the _15th_ day of June, 2026, I caused true and correct copies of the following documents to be served upon all Respondents and their counsel of record via **FedEx Priority Overnight, Signature Required**, by depositing same with a FedEx authorized shipping location, postage prepaid, addressed as set forth below:

### DOCUMENTS SERVED

**1.** Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 with Emergency Request for Expedited Review;

**2.** Motion for Temporary Restraining Order and Preliminary Injunction Pursuant to Fed. R. Civ. P. 65;

**3.** Proposed Temporary Restraining Order;

4. Memorandum of Law in Support of Motion for Temporary Restraining Order and Preliminary Injunction;

5. Exhibits 1 through 9, as enumerated in the Petition; and

6. Civil Cover Sheet (JS 44) and Summons.

## SERVICE ON RESPONDENTS AND COUNSEL

**Jason Streeval, Warden**
*Immediate Custodian of Petitioner / Respondent*
Stewart Detention Center
146 CCA Road, P.O. Box 248
Lumpkin, Georgia 31815
**Method:** FedEx Priority, Signature Waived
**FedEx Tracking No.:** 873112778570

**Sean Gallagher, Field Office Director**
*ICE Enforcement and Removal Operations, Atlanta Field Office / Respondent*
180 Ted Turner Drive SW, Suite 522
Atlanta, Georgia 30303
**Method:** FedEx Priority, Signature Waived
**FedEx Tracking No.:**873114262504

**Office of the Principal Legal Advisor — Erie-Gulf Region**
*Counsel for DHS/ICE at Stewart Immigration Court / Attn: Jason G. Jack, Counsel*
146 CCA Road, P.O. Box 248
Lumpkin, Georgia 31815
Tel: (229) 838-1109
**Method:** FedEx Priority, Signature Waived
**FedEx Tracking No.:** 873112952727

**Civil Process Clerk**
*United States Attorney's Office, Middle District of Georgia*
300 Mulberry Street, Suite 400
Macon, Georgia 31201
**Method:** FedEx Priority, Signature Waived
**FedEx Tracking No.:** 873114053592

**Civil Process Clerk**
*Office of the Attorney General of the United States*
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, D.C. 20530
**Method:** FedEx Priority Overnight, Signature Waived
**FedEx Tracking No.:** 873113224600

**Civil Process Clerk**
*Secretary, U.S. Department of Homeland Security*
2707 Martin Luther King Jr. Avenue, SE
Washington, D.C. 20528
**Method:** FedEx Priority Overnight, Signature Waived
**FedEx Tracking No.:** 873113470144

**Civil Process Clerk**
*Acting Director, U.S. Immigration and Customs Enforcement*
500 12th Street, SW
Washington, D.C. 20536
**Method:** FedEx Priority Overnight, Signature waived
**FedEx Tracking No.:** 873113686110

## NOTICE OF EMERGENCY TRO REQUEST

Pursuant to Fed. R. Civ. P. 65(b)(1), counsel for Petitioner provided telephonic and written notice of the filing of this action and the emergency Motion for Temporary Restraining Order to the following personnel contemporaneously with filing:

**ICE Office of Chief Counsel, Lumpkin:** (229) 838-1109

**ICE ERO Atlanta Field Office:** (404) 893-1210

**DHS Office of General Counsel:** (202) 282-9822

Notice was provided at approximately 5:45 p.m. on June 15, 2026, 2026, by telephonic communication at the Office of the Principal Legal Advisor, Lumpkin, Georgia. Counsel for Petitioner informed the foregoing parties of the nature of the action, the relief sought, and the grounds therefore. A copy of the Petition, Motion, and accompanying documents was transmitted electronically to the same office at Jason.Jack@ice.dhs.gov.

## ELECTRONIC FILING AND CM/ECF SERVICE

This action was filed electronically through the CM/ECF system for the United States District Court for the Middle District of Georgia on _June 15, 2026. Upon filing, electronic notice was generated and transmitted to all counsel registered with CM/ECF in this District. FedEx service is provided as supplemental service to ensure timely actual notice to all Respondents, including those who may not yet be registered in the CM/ECF system for this action.

## NOTICE OF PARALLEL EOIR PROCEEDINGS

Petitioner hereby notifies this Court that the following parallel proceedings are pending and have been served with copies of this filing:

**Immigration Court:** Stewart Immigration Court, Lumpkin, Georgia

**IJ:** Hon. Bianca Brown

**EOIR File No.:** A 216 989 146

**IJ Order at Issue:** June 11, 2026 (Exhibit 1 to Petition)

**BIA Appeal Reserved:** Appeal due July 13, 2026

**DHS Counsel of Record:** Jason G. Jack, Esq., Office of the Principal Legal Advisor

A copy of this Petition, the Motion for Temporary Restraining Order, and all exhibits has been served upon DHS counsel of record in the EOIR proceedings via FedEx Priority Overnight and via ECAS contemporaneously with filing in this Court.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Respectfully submitted, this 15th day of June, 2026.

**Michael Wallace, Esquire**
Attorney for Petitioner
GA Bar No. 734183 | EOIR ID No. HN069065
2870 Peachtree Street, NW
Suite 915-17115
Atlanta, Georgia 30305
(404) 424-9887 | attywallace@hotmail.com